JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLO COOPER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DEBBIE ASUNCION, Warden,<br><br>　　　　　Respondent. | Case No. CV 17-8530 PA (MRW)<br><br>**ORDER DISMISSING SUCCESSIVE HABEAS ACTION WITHOUT PREJUDICE** |

　　　The Court summarily dismisses this action without prejudice pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

　　　　　　　　　　　　　　　　* * *

　　1.　Petitioner is a state prisoner. He is serving a life sentence based on a murder conviction from the early 1990s.

　　2.　Petitioner previously sought habeas relief in this Court related to that conviction on two occasions. The Court denied a habeas petition in 2001 as untimely under federal law. Cooper v. CDC, No. CV 01-2744 MMM (CT) (C.D. Cal.).

. . . .

3. Several years later, Petitioner brought another habeas action related to the alleged post-conviction destruction of trial evidence. Cooper v. California District Court, No. CV 13-2024 MMM (MRW) (C.D. Cal.). The Court dismissed the second habeas action as successive under AEDPA. The United States Court of Appeals for the Ninth Circuit declined to issue a certificate of appealability regarding that decision.

4. Petitioner's current action seeks further review of the same conviction. The petition was not accompanied by a certificate from the Ninth Circuit authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b).

5. The Court (Magistrate Judge Wilner) issued an order noting the successive nature of this third habeas action. (Docket # 3.) The Court directed Petitioner to submit a statement addressing why the action should not be dismissed as a matter of federal law.

6. Petitioner subsequently filed a statement that discussed evidentiary issues that he observed in his trial transcript. (Docket # 5.) He failed, however, to explain why his action was not successive under AEDPA.

* * *

7. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

8. Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action.

. . . .

9. "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

10. A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition <u>before</u> the new petition may be filed in district court. <u>Id.</u>; <u>Burton v. Stewart</u>, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing"). A dismissal of a habeas action "for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA," thereby requiring appellate court permission for the new filing. <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009).

11. The current petition challenges Petitioner's long-closed murder conviction. The Court previously denied habeas relief regarding that criminal conviction because Petitioner's action was untimely. (CV 01-2744.) Petitioner's second habeas action (CV 13-2024) was successive, and Petitioner failed to obtain permission from the federal appellate court to bring that habeas action.

12. Those defects make the current action successive too. <u>McNabb</u>, 576 F.3d at 1030. On this basis, the current petition is subject to summary dismissal. 28 U.S.C. § 2244(b); <u>Burton</u>, 549 U.S. at 156.

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

\* \* \*

Because the Court does not have jurisdiction to consider Petitioner's claim, the action is DISMISSED without prejudice as successive.

IT IS SO ORDERED.

Dated: December 21, 2017

_____
HON. PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE